IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TAKA VALENTINE

v.                                CIVIL ACTION NO. 4:13-CV-02865
                                              JURY

HOUSTONIAN CAMPUS, LLC
D/B/A THE HOUSTONIAN HOTEL, CLUB 7 SPA

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Taka L. Valentine, plaintiff, files this her first amended complaint complaining of The Houstonian Campus, LLC, d/b/b The Houstonian Hotel, Club 7 Spa, defendant, and for cause of action shows the Court the following:

2. This court has jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended, ("Title VII") to correct and remedy defendant's unlawful employment practices on the basis of national origin discrimination, retaliation and race discrimination, and to make whole and compensate plaintiff. Jurisdiction in this case is also based on the existence of a federal question, violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981 et seq., as amended. The court's pendant jurisdiction to enforce any and all of plaintiff's state court claims is also invoked. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper within the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. 1391 because defendant does business in the Southern District of Texas, Houston Division, and the events and/or omissions giving rise to the claims herein have

occurred in the Southern District of Texas, Houston Division. The matter in controversy exceeds the sum or value of the threshold monetary jurisdictional amount for actions in federal courts, exclusive of interest and costs, arises under the statutes and laws of the United states, and is brought for equitable relief and money damages.

4. Prior to filing this action, plaintiff filed a charge of discrimination and thereafter, received a notice of right to sue. All administrative remedies have been exhausted, including the timely filing of charges of discrimination with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission.

5. Plaintiff is an individual residing in Houston, Texas. Defendant is a corporation and has appeared.

6. Plaintiff was hired by defendant as a full time employee. Plaintiff performed the duties of her position capably and effectively. At all times during her employment, plaintiff was a good, competent, dependable and loyal employee.

7. Plaintiff is an African-American female.

8. At or prior to the time her employer failed to promote her, plaintiff became aware of a company-wide practice of discriminating against African-American employees and favoring employees outside her protected category with more desirable work assignments and working conditions. Due to defendant's pattern, practice, and policy of discrimination, plaintiff was subjected to unfair terms, conditions, and privileges of employment because of her national origin and or her race.

9. The unlawful employment practices engaged in by defendant and referred to above include, but are not limited to, the following:

    a.   Plaintiff was excluded from job advancements, openings and promotions on the basis of her race, in violation of 42 U.S.C. Sec. 1981, and the Civil Rights Act of 1964, as amended.

    b.   Defendant tolerated an intimidating, hostile and offensive working environment that unreasonably interfered with plaintiff's work performance and negatively affected her employment opportunities, in violation of the above statutes.

10. The discrimination and retaliation caused plaintiff extreme emotional distress. The above described treatment by defendant resulted in feelings of wounded pride, shame, despair and utter devastation, all of which produced severe mental anguish in her.

11. Defendant's action with respect to failure to promote plaintiff to a more highly compensated position with it was in violation of the above statutes, including the Civil Rights Act of 1964, as amended, and 42 U.S.C. Sec. 1981, and specifically that portion of the statute according her the same right in every State and Territory to make and enforce contracts, as is enjoyed by white citizens.

12. Defendant violated the Family and Medical Leave Act in failing to accord or provide plaintiff the benefits to which she was entitled under that Act.

13. Defendant retaliated against plaintiff in violation of federal antidiscrimination law.

14. As a result of defendant's conduct, plaintiff has suffered damages, including mental anguish in the past, which is reasonably expected to extend into the future and damages for loss of earnings and earning capacity.

15. The wrong done by defendant was the kind typified by willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Defendant's conduct was intentional or with conscious indifference to the rights of plaintiff and without justification or excuse. Plaintiff, therefore, seeks exemplary damages.

16. Plaintiff has been required to retain counsel to prosecute her claims and she seeks her reasonable attorney's fees in this matter.

**PRAYER**

Wherefore, plaintiff requests that on final trial she have the following:

1. Judgment against defendant for damages, including front pay, back pay, and compensatory damages in an amount within the jurisdictional limits of the court.
2. An award of exemplary damages against defendant, in an amount within the jurisdictional limits of the court.
3. Attorney's fees in a reasonable amount, together with conditional awards in the event of appeal, together with costs of court.

4. Interest prior to judgment from date due to date of judgment at the maximum rate prescribed by law.

5. Her costs in the matter expended.

6. Interest after judgment at the maximum lawful rate on all the above sums from date of judgment until paid.

7. Such other and further relief to which she may be justly entitled.

Plaintiff demands a trial by jury.

                                                           Respectfully submitted,

                                                           Law Office of Woodrow Epperson

                                                           _____
                                                           Woodrow Epperson
                                                           10565 Katy Freeway
                                                           Suite 250
                                                           Houston, Texas 77024
                                                           (713) 973-6303
                                                           FAX (713) 973-1882
                                                           State Bar No. 06637000
                                                           Southern District No. 143

                                                           Attorney in charge for Taka A. Valentine

### CERTIFICATE OF SERVICE

The foregoing pleading was served in accordance with the Federal Rules of Civil Procedure upon all attorneys and persons entitled to receive service shown below thereof on this 14th day of October, 2013.

                                                           _____
                                                           Woodrow Epperson

Amy Halevy
Becky Baker
Bracewell & Giuliani
711 Louisiana, Suite 2300
Pennzoil Place, South Tower
Houston, TX 77002